IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| NEAL ORLANDO ARMSTRONG, | : |
| Plaintiff, | : |
| VS. | : |
| | :    1 : 11-CV-18 (WLS) |
| KEVIN SPROUL, *et al.*, | : |
| Defendants. | : |

**ORDER and RECOMMENDATION**

The Plaintiff filed this action in January 2011, challenging certain conditions of his confinement at the Dougherty County Jail.  (Doc. 1).  The Defendants filed a Motion to Dismiss for Lack of Prosecution on September 29, 2011, and the Court issued an Order on September 30, 2011 notifying the Plaintiff of the pendency of this motion and directing him to respond thereto.  (Docs.  37, 40).

Defendants assert that the Plaintiff has failed to diligently prosecute this action and failed to properly notify the Court of his address changes.  Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice."  *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).  Litigants proceeding *pro se* are not exempt from this requirement of diligent prosecution.  *Moon v. Newsome*, 863 F.2d 835 (11th Cir. 1989).  The Court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the

disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962).

A review of this entire action reveals a clear record of delay or willful contempt on the part of the Plaintiff. As set out by the Defendants, Plaintiff has not undertaken any discovery since this lawsuit was allowed to proceed, and has failed to respond to discovery propounded by the Defendants. (Doc. 38). Over six months have passed since the Plaintiff's last contact with the Court, when Plaintiff filed a response to Defendants' earlier-filed Motion to Dismiss. (Doc. 36). Plaintiff has failed to respond to these Defendants' most recent Motion to Dismiss (Doc. 37) as directed, although the Certificate of Service attached to Defendants' most recent motion indicates service on the Plaintiff at his last known address. Additionally, mail sent to Plaintiff over the course of this litigation has repeatedly been returned to the Court as undeliverable, evidencing the Plaintiff's failure to keep the Court informed as to his current address as directed. (Docs. 28, 33, 34, 35).

The Court finds that lesser sanctions will not suffice. Inasmuch as the Plaintiff has failed to proceed in any substantive way with the litigation of this lawsuit in the last six (6) months, has failed to respond to the Defendants' most recent Motion to Dismiss, and has failed to follow the directives of the Court regarding notification to the Court and parties of Plaintiff's current address, it is the recommendation of the undersigned that the Defendants' Motion to Dismiss (Doc. 37) be **GRANTED,** and that this action be **DISMISSED** as to all Defendants. It is further recommended that Defendants' initial Motion to Dismiss based on inadequate service and failure to advise the Court and parties of address changes be **DENIED** as moot. (Doc. 30). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written

objections to this Recommendation with the Honorable W. Louis Sands, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

Plaintiff's motion seeking a restatement of the Court's order regarding deduction of payments from Plaintiff's Dougherty County Jail inmate account (Doc. 16) is **DENIED** as moot, as the Plaintiff is no longer incarcerated at the Dougherty County Jail.

**SO ORDERED and RECOMMENDED**, this 9th day of January, 2012.

s/ ***THOMAS Q. LANGSTAFF***

UNITED STATES MAGISTRATE JUDGE

asb